"I give to Pleasant Woodward, my son, my mill and plantation whereon I now live, also three cows and calves or yearlings, to him, and his heirs forever, also my riding-horse and saddle, forever."
The petitioner claimed under the following clause of the same will:
"I give to my son Richard Woodward, 100 acres of land, including the Dutchman's field, also one entry of land containing 340 acres, including the old field which lieth on the South Prong of Middle Creek, also one bed and furniture, also $10 worth in cattle, also $10 in specie, to him and his heirs forever."
The 46 acres are now included in the pond of the mill devised by the first-mentioned clause of the said will; and are included in the entry devised by the clause of the said will last mentioned.
The defendant did not offer any evidence that the milldam was (538) of the height when the said will was executed, or at the death of the testator; nor did the petitioner offer any evidence that the said milldam had been raised since either of these events.
The jury assessed damages for the petitioner, subject to the opinion of the court on the foregoing statements.
We are all satisfied that the devise of the millpond is implied in the devise of the mill, certainly as between the two brothers, the devisees; and that the devise of the entry of land must be taken subject to the encumbrance of leaving the 46 acres for the purpose of a pond.
Judgment for the defendant.
Cited: Jones v. Parker, 99 N.C. 21. *Page 392 
(540)